Hartley T. Bernstein, Esq.
BERNSTEIN CHERNEY LLP
955 Park Avenue, Fifth Floor West
New York, N.Y. 10028
(212) 381-9684 – Phone
(646) 304-9535 – Fax
hbernstein@bernsteincherney.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

ZAIM DERVISEVIC,

      Plaintiff                                      Case #

-against –

DESAI REAL ESTATE GROUP
LLC, BERIK MANAGEMENT
INC, NORWEST REALTY
MANAGEMENT CORP, DINESH
DESAI AND JOHN DOES 1-5

      Defendants

_____

## COMPLAINT

Plaintiff Zaim Dervisevic, by his attorneys, Bernstein Cherney LLP, for his Complaint against Defendants Desai Real Estate Group LLC, Berik Management Inc and Norwest Realty Management, alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action to recover damages for unpaid wages, unpaid overtime wages, unpaid promised wages, breach of contract, liquidated damages and reasonable attorneys' fees and costs under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.)

-1-

("FLSA"), and the various regulations and policy statements promulgated by the U.S. Department of Labor and codified in Title 29 of the Code of Federal Regulations, 29 C.F.R. 500 et seq.; the New York Labor Law, including, but not limited to, Articles 6 and 19 ("New York Labor Law" or "NYLL"), and the various wage orders promulgated by the New York State Department of Labor and codified in 12 N.Y.C.R.R. §§ 135-146; and the common law of the State of New York.

2. Plaintiff also brings this action for Defendants' failure to comply with the New York Labor Law ("NYLL") §195, which as of February 1, 2011 has mandated that employers, Defendants included, provide annual wage notices during the period of employment of an employee which specifies, among others, the employee's wage rate, the frequency of wage payments, the designated pay day and other information set forth in the statute. Plaintiff seeks statutory weekly damages of either $25.00 or $50.00 as the case may be, up to a maximum of $2,500.00 or $5,000.00.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this District because Defendants conduct business in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5. At all relevant times, Plaintiff Zaim Dervisevic ("Dervisevic") was resident of the City of New York, State of New York.

6. Defendant Desai Real Estate Group LLC.("Desai") is a limited liability company formed pursuant to the laws of the State of New York and maintaining an office at 115 West 29th Street, New York, N.Y. 10001.

7. Upon information and belief, at all relevant times, Defendant Berik Management Inc ("Berik") was a corporation maintaining an office at 381 Park Avenue South, New York, N.Y. 10016.

8. Upon information and belief, at all relevant times, Defendant Norwest Realty Management Corp. ("Norwest") was a corporation formed pursuant to the laws of the State of New York and maintaining an office at 287 East Gun Hill Rd, Bronx, N.Y. 10467.

9. Desai, Berik and Norwest are sometimes referred to herein, collectively, as the "Corporate Defendants."

10. Upon information and belief, Desai is the owner of the building located at 2304 Sedgwick Avenue, Bronx, N.Y. (the "Building").

11. Upon information and belief, Defendant Dinesh Desai ("Dinesh") is a principal member, owner and/or manager of Desai.

12. Upon information and belief, John Does 1-5 are principals, members, owners and/or Managers of Desai and/or Berik, and/or Norwest.

13. Upon information and belief, Dinesh Desai is one of the ten largest shareholders/members of Desai and is individually responsible for unpaid wages under the New York Limited Liability Company Law.

14. Upon information and belief, John Does 1-5 are among the ten largest shareholders/members of Desai, and/or Berik, and/or Norwest and are individually responsible for unpaid wages under the New York Limited Liability Company Law.

15. The Building includes sixty (60) dwelling units and three (3) commercial units.

16. Upon information and belief, at relevant times, from 2018 through 2022, Berik was the managing agent of the Building.

17. Upon information and belief, at relevant times from 2022 through the present, Norwest has been the managing agent of the Building.

18. At all relevant times, Defendants have been and continue to be "employers" engaged in interstate "commerce" and in the production of goods for commerce within the meaning of the FLSA and have engaged in an enterprise whose annual volume of sales made or business done is not less than $500,000.00.

19. At all relevant times, Defendants have engaged in transactions involving interstate commerce, including foreign banking transactions and Defendants' employees, including Dervisevic, have, and continue to, handle goods and materials that have been manufactured or produced outside of New York (including tools, cleaning materials, maintenance equipment and other items) that have moved in interstate commerce.

20. Upon information and belief, Dinesh is responsible for all personnel decisions made by the Corporate Defendants, including the setting and payment of salaries and other compensation.

21. Upon information and belief, John Does 1-5 are responsible for all personnel decisions made by the Corporate Defendants, including the setting and payment of salaries and other compensation.

22. Upon information and belief, Dinesh established policies for the Corporate Defendants, including employee pay policies.

23. Upon information and belief, John Does 1-5 established policies for the Corporate Defendants, including employee pay policies.

## **FACTUAL BACKGROUND**

24. Dervisevic, who is 70 years old, has been employed as superintendent of the Building continuously from 2011 until the present.

25. As superintendent, Dervisevic is on call 24 hours a day, 7 days a week, 365 days a year.

26. During his employment, Dervisevic also has acted as the Porter in the Building.

Failure to Pay Wages and Overtime As Required Under the FLSA

27. Dervisevic regularly worked over forty hours per week but was not compensated for the hours he works in excess of forty hours per week, nor is he compensated at the overtime premium rate for all of the hours he worked in excess of 40 per week.

28. In addition to the foregoing, Dervisevic's weekly salary was significantly less than the minimum wage payable for the hours worked by Plaintiff.

29. As superintendent, Dervisevic's regular job duties included cleaning and maintaining the Building, collecting and disposing of trash, maintaining the boiler, responding to tenants' calls and complaints, and providing routine repair work ("Regular Work"). Dervisevic was also expected to be available twenty four (24) hours a day ("On Call") to attend tenants' emergencies whenever such events arose, including on nights and weekends.

30. During the time he has worked as superintendent for the Building, Dervisevic regularly worked approximately 75 hours per week, and, on occasion, over 100 hours a week.

31. Despite working well over forty hours per week throughout his employment with Defendants, Dervisevic was not paid for all the hours he worked, nor was he paid at the proper premium rate for his work in excess of forty hours per week.

32. During the period of his employment, and in particular since Defendants ownership and/or management of the Building, Defendants failed to pay Dervisevic salary for hours worked in excess of forty (40) hours per week.

33. During the period of his employment, and in particular since Defendants ownership and/or management of the Building, Defendants failed to pay Dervisevic any overtime premium for hours worked in excess of forty hours a week.

34. Defendants' failure and refusal to pay wages and overtime premiums to Plaintiff for hours worked in excess of forty hours per week has been willful.

35. Defendants have engaged in a pattern of avoiding the wage and overtime payment obligations mandated by the FLSA.

Failure to Pay Wages As Required Under NYLL

36. In addition to the foregoing, Defendants have engaged in a pattern of avoiding proper payment of wages pursuant to the NYLL.

37. Under the NYLL, Defendants are required to pay Dervisevic $10 per unit per week.

38. Based upon the sixty three (63) Units in the Building, Dervisevic was entitled to salary of $630 a week.

39. Defendants have paid Dervisevic a weekly salary of only $520, paid on a biweekly basis.

40. Over the past 6 years, Defendants failed to pay Dervisevic at least $34,320.00, the unpaid balance of the full salary to which he was entitled on a weekly basis pursuant to NYLL.

41. Defendants knowingly and purposely evaded the requirements imposed by the FLSA and NYLL for the payment of wages and overtime wages.

Failure to Pay for Projects

42. In addition to performing Regular Work, and in addition to the hours he worked as Superintendent and Porter, Dervisevic provided non-routine renovation and repair services on apartments at the Buildings, at the request of Defendants, including painting, plastering, plumbing and non-routine renovations (the "Projects").

43. Defendants agreed to pay Dervisevic for the Projects.

44. From 2022 through the present, Dervisevic delivered invoices to the Corporate Defendants reflecting over $44,000.00 due and payable for the Projects.

45. Defendants have failed and refused to pay any of the invoices submitted by Dervisevic for the Projects.

Defendants Further Improper Conduct

46. Since approximately 2018, a Porter has assisted Dervisevic with tasks at the Building routinely assigned to a Porter.

47. Defendants have declined to pay any salary to the Porter; consequently, Dervisevic has paid the Porter for his services.

48. During the time Dervisevic has been employed at the Building, and in particular during the time Defendants owned and/or managed the Building, Dervisevic has not been afforded any paid vacation time or paid holidays.

49. During the time he has been employed at the Building, and in particular during the time Defendants owned and/or managed the Building, whenever Dervisevic went on vacation, he was required to hire and pay for an individual who would discharge his duties as superintendent while he was away.

50. During the period he has been employed at the Building, and in particular during the time Defendants owned and/or managed the Building, Dervisevic was not provided with any paid sick days and did not receive any compensation in lieu of sick days.

Further Violations of NYLL

51. In accordance with the New York Labor Law §195.1, since January 2011, Defendants have been required, on an annual basis, to present for signature to each employee a

wage notice, which had to contain the following wage rate information: (i) the basis of the employee's wage rates, e.g., by the hour, shift, day, week, salary, piece commission or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the employer will claim allowances such as tips, meals, and/or lodging against the minimum wage; (iv) the employer's name and any "doing business as" names; (v) the employer's address and mailing address, if different; and (vi) the employer's telephone number (the "Wage Notice").

52. During his entire employment with Defendants, Dervisevic never received and never signed the Wage Notice or any document which might show the information required by NYLL §195.1.

53. Defendants were aware or should have been aware that this practice was in violation of NYLL but continued to willfully engage in this unlawful practice.

Control Exercised By Individual Defendants

54. At all relevant times herein, Dinesh directly and/or through his agents, managed, handled, or were otherwise ultimately responsible for, the payroll and/or payroll calculations and policies of Corporate Defendants and all payments to Dervisevic.

55. Upon information and belief, at all relevant times herein, John Does 1-5 directly and/or through their agents, managed, handled, or were otherwise ultimately responsible for, the payroll and/or payroll calculations and policies of Corporate Defendants and all payments to Dervisevic.

56. Dinesh had control over the conditions of Dervisevic's employment, including his work schedules, the rates and methods of payment of his wages, and the maintenance of his employment records.

57. Upon information and belief, John Does 1-5 had control over the conditions of Dervisevic's employment, including his work schedules, the rates and methods of payment of his wages, and the maintenance of his employment records.

58. At all relevant times herein, Dinesh had operational control over Desai.

59. Upon information and belief, at all relevant times herein, John Does 1-5 had operational control over Desai and/ or Berik and/or Norwest.

60. As a matter of economic reality, Defendants are joint employers of Dervisevic; and, as a result, Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

**FIRST CLAIM FOR RELIEF**
**(FLSA Violations against all Defendants)**

61. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 60 as if fully set forth herein.

62. Dervisevic was a person covered by, and intended to benefit from, the provisions of the FLSA with respect to his work for Defendants.

63. Pursuant to the FLSA, Dervisevic was and is entitled to certain overtime wages, and regular wages, which Defendants intentionally and willfully failed to pay in violation of such law.

64. Dervisevic regularly worked in excess of forty (40) hours per week for Defendants and was On Call twenty four (24) hours a day, but never received any form of additional compensation for his extra hours, either at his regular rate or at the overtime premium rate of one-and-a-half times his regular rate.

65. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Dervisevic at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep accurate required records, in violation of the FLSA.

66. Dervisevic seeks damages in the amount of his unpaid compensation, liquidated damages as provided by the FLSA, interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper

## SECOND CLAIM FOR RELIEF
### (NYLL Violations against all Defendants)

67. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 66 as if fully set forth herein.

68. At all relevant times, Dervisevic has been a person covered by, and intended to benefit from, the provisions of the NYLL with respect to his work for Defendants.

69. Pursuant to NYLL, Dervisevic was entitled to receive wages at a rate of $10 per week for each unit in the Building.

70. At all relevant times, Plaintiff was entitled to wages of $630, based upon the number of units in the Building.

71. During relevant times, Defendants paid Dervisevic only $520 per week.

72. The amount paid by Defendants to Dervisevic during his employment was at least $110 per week less than required under NYLL.

73. During the time Defendants have owned and/or managed the Building, Defendants have failed to pay Dervisevic a minimum of $630 per week, as required under NYLL.

74. Accordingly, Dervisevic seeks a judgment for all unpaid wages, together with interest, reasonable attorneys' fees and costs, as provided for by the NYLL.

### THIRD CLAIM FOR RELIEF
(Breach of Contract against Defendants)

75. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 74 as if fully set forth herein.

76. Dervisevic entered into an agreement with Defendants to perform the Projects in exchange for payment for each Project performed.

77. Dervisevic satisfactorily performed each Project and complied with the terms of his agreement with Defendants and was therefore entitled to payments he rightfully earned for his services on a quantum meruit basis and in accordance with prevailing industry standards..

78. Defendants failed or refused to pay Dervisevic for each completed Project in full and in accordance with industry standards.

79. Defendants' failure or refusal to pay Dervisevic the payments to which he was entitled for the Projects constituted a breach of contract.

80. By virtue of the foregoing breaches of contract by Defendants, Dervisevic has been damaged in an amount to be proven at trial, for his work on the Projects, together with an award of interest, costs, disbursements, and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**(Violation of New York Labor Law §195.1 against all Defendants)**

81. Plaintiff repeats and realleges each and every allegation previously made in paragraphs 1 through 80 as if fully set forth herein.

82. Pursuant to New York Labor Law §195.1, each employee employed by Defendants must receive for signature, on an annual basis, a Wage Notice setting forth (i) the basis of the employee's wage rates, e.g., by the hour, shift, day, week, salary, piece commission or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the employer will claim allowances such as tips, meals, and/or lodging against the minimum wage; (iv) the employer's name and any "doing business as" names; (v) the employer's address and mailing address, if different; and (vi) the employer's telephone number.

83. Dervisevic never received and never signed the Wage Notice and never received any other documents which might show the information required by NYLL §195.1.

84. Defendants were aware or should have been aware that this practice was in violation of NYLL but continued to willfully engage in this unlawful practice.

85. As a result of Defendants' violation of NYLL §195.1, Plaintiff is entitled to statutory damages of $25 or $50 per week, up to $2,500 or $5,000, as provided for by NYLL §195.1.

**JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable in this action.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

a. An award of unpaid wages at the overtime wage rate due under the FLSA.

b. An award of liquidated damages as a result of Defendants' failure to pay wages at the overtime wage rate pursuant to the FLSA.

c. An award of unpaid wages due under the NYLL.

d. An award of damages as a result of Defendants' failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL.

e. Prejudgment and post-judgment interest.

f. Compensatory damages to be determined at trial for Defendants' breach of contract.

g. Statutory damages of $25 or $50 per week up to $2,500 or $5,000 as provided for by NYLL §195.1.

h. An award of costs and expenses, including reasonable attorneys' fees.

i. Together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 9, 2024

/s/ Hartley T. Bernstein, Esq.
Hartley T. Bernstein, Esq.
BERNSTEIN CHERNEY LLP
955 Park Avenue, Fifth Floor West
New York, N.Y. 10028
(2120 381-9684 – Phone
(646) 304-9535 -Facsimile
hbernstein@bernsteincherney.com

*Attorneys for Plaintiff*